**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jaime Abel RANGEL–TOVAR, Defendant–Appellant.**

**No. 05–41458.**
**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Aug. 28, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Michael L. Herman, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Jaime Abel Rangel–Tovar appeals his guilty plea conviction and sentence for ille-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

gal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the district court erred in treating his Texas burglary of a habitation conviction as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Rangel–Tovar's argument has been rejected by this court. *See United States v. Garcia–Mendez,* 420 F.3d 454, 456–57 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006); *United States v. Valdez–Maltos,* 443 F.3d 910, 911 (5th Cir. 2006), *petition for cert. filed* (July 24, 2006) (06–5473). Further, Rangel–Tovar's argument that this court did not properly apply the categorical analysis of *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), is tantamount to arguing that *Garcia–Mendez* was wrongly decided. One panel of this court may not ignore the precedent set by a prior panel. *United States v. Ruiz,* 180 F.3d 675, 676 (5th Cir.1999).

Rangel–Tovar also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Rangel–Tovar's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rangel–Tovar contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268,

276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Rangel–Tovar properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.